IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EARL WAYNE MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-171 |
| | § | |
| BRIAN THOMAS, | § | |
| Potter County Sheriff, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION
### FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner has filed a handwritten "Writ of Habus [sic] Corpus," which this Court has interpreted as a petition pursuant to 28 U.S.C. § 2254 seeking federal habeas corpus relief. By the petition, Mr. Murphy complains respondent has denied him an attorney, access to the law library, paperwork in his criminal case, and medical treatment. Petitioner additionally complains that he is innocent of unspecified charges the State has apparently brought against him and that the bail imposed is excessive. Mr. Murphy additionally complains he was not given his *Miranda* warnings.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). On the other hand, "a § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.,* 411 U.S. at 499, 93 S.Ct. at 1841.

Here, many of petitioner's allegations challenge an aspect of petitioner's confinement, not the confinement itself. Consequently, these claims are not cognizable in a federal habeas corpus action. Petitioner's claims should have been presented as a civil rights complaint under 42 U.S.C. §1983. The Court declines to redesignate petitioner's pleading as a civil rights complaint as doing so would obligate petitioner to pay the $350.00 filing fee. Petitioner is the one who must decide if he wishes to pursue this claim in a separate civil rights lawsuit, which requires submission of a complaint on the 42 U.S.C. § 1983 form as well as the payment of the filing fee either in full or in installments. As petitioner's claims are not cognizable in a federal habeas corpus action, the petition should be dismissed.

Regarding any claims directed specifically to the fact of petitioner's confinement, because petitioner is in State custody, he must first present his claims to the courts of the State of Texas before this Court is able to review his request for federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1). As petitioner fails to show he has exhausted his claims in the state courts, the Court must likewise any 28 U.S.C. § 2254 claims.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge the petition for a writ of habeas corpus filed by petitioner EARL WAYNE MURPHY be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of September, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).